F I L E D
APR 1 5 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS D. BROWN, SR.,

*Plaintiff,*

v.

U.S. BLUE CROSS/BLUE SHIELD,

*Defendant.*

No. 19-cv-320 (UNA)

## MEMORANDUM OPINION

The plaintiff retired from federal government service in 2004 and suffers from several medical conditions. *See* ECF No. 4 (Am. Compl.) ¶¶ 4, 6–7, 19. He purports to raise a claim under the Americans with Disabilities Act (ADA) against Blue Cross Blue Shield, through which he has or had health insurance.[1] The Court construes the plaintiff's complaint liberally as one under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Even if the plaintiff is a "qualified person with a disability" under 42 U.S.C. § 12131(2), his ADA claim still fails.

The plaintiff has failed to state a claim because the plaintiff has failed to demonstrate that Blue Cross Blue Shield is a "public entity" as that term is defined:

The term "public entity" means –
(A) Any State or local government;

---

[1] Because the plaintiff does not allege he was ever an employee of Blue Cross Blue Shield, the Court dismisses any claim he purports to bring under Title I of the ADA, Title VII of the Civil Rights Act, and the Family Medical Leave Act. *See* Am. Compl. ¶¶ 5, 8.

(B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and
(C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) 1 of title 49).

42 U.S.C. § 12131(1). Accordingly, the Court will dismiss the complaint for failure to state a claim. *See Anderson v. Usher*, No. 12-7107, 2013 WL 1187399, at *1 (D.C. Cir. Mar. 4, 2013) (per curiam) (unpublished) (holding that "[t]he district court correctly dismissed appellant's claims under the Americans with Disabilities Act . . . for failure to state a claim upon which relief can be granted" because "the defendants named in the complaint [we]re individual persons" and Title II of the ADA "applies only to a 'public entity'"); *Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010) (affirming district court's conclusion that private prison management corporation operating Florida state prison was not a "public entity" for purposes of Title II of the ADA); *Lee v. Corr. Corp. of Am./Corr. Treatment Facility*, 61 F. Supp. 3d 139, 143 (D.D.C. 2014); *York v. Forest View Psychiatric Hosp.*, No. 1:10-CV-28, 2011 WL 1790134, at *1 (W.D. Mich. May 11, 2011); *see also* 28 U.S.C. § 1915(e) (requiring the court to dismiss a case filed *in forma pauperis* "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"). The plaintiff's application to proceed *in forma pauperis* will be granted, and his motion for CM/ECF password will be denied as moot.

An Order consistent with this Memorandum Opinion is issued separately.

April 9, 2019

United States District Judge

2